[Civ. No. 23519.   First Dist., Div. Two.   Nov. 21, 1967.]

JESSIE L. HALE, Plaintiff and Respondent; MARIE A. HALE, Plaintiff and Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant and Appellant.

Boccardo, Blum, Lull, Niland, Teerlink & Bell, Stanley A. Ibler, Jr., and Edward J. Niland for Plaintiff and Respondent and for Plaintiff and Appellant.

Bledsoe, Smith, Cathcart, Johnson & Rogers and Robert A. Seligson for Defendant and Appellant.

TAYLOR, J.—This action for declaratory relief concerns the construction of the family exclusion and uninsured motorist clauses, respectively, of two automobile liability policies issued by the same insurer on two vehicles in the same family. The husband and wife collided while each was driving one of the family automobiles. The insurer, defendant, State Farm Mutual Automobile Insurance Company, hereafter State Farm, appeals from the portion of the judgment in favor of plaintiffs, Marie A. and Jessie L. Hale, awarding them costs, and holding that under the particular facts of the case, the family exclusion clause of the policy issued on the car driven by Mr. Hale was against public policy and that consequently State Farm was obligated to defend Mr. Hale in the personal injury action filed by Mrs. Hale. Plaintiff, Marie A. Hale, appeals from the portion of the judgment holding that she had no valid claim against State Farm under the uninsured

motorist provision of the policy issued on the car she was driving.

The facts are stipulated. On September 13, 1963, in the City of Richmond, Mr. Hale, driving the 1960 Comet registered to him and his wife, collided with the 1957 Metro registered to Mrs. Hale and driven by her. Mr. and Mrs. Hale were named insureds on two policies issued by State Farm: No. 3632 466-E09-05, with respect to the Comet, and No. 6037 465-E16-05, with respect to the Metro. Both policies were in full force and effect at the time of the accident. On April 27, 1964, Mrs. Hale filed an action for personal injuries against her husband; Mr. Hale tendered the defense of that action to State Farm. State Farm declined, contending that the public liability coverage of the policy issued on the Comet did not apply to the bodily injury of the insured or any member of the family of the insured residing in the same household. Subsequently, State Farm denied Mrs. Hale's claim under the uninsured motorist clause of the policy issued on the Metro, contending that by definition, the coverage did not apply to an automobile owned by the named insured or any resident of the same household. This action for declaratory relief ensued.

The trial court found that under the circumstances of this case, the family exclusion clause of the policy issued on the Comet which purported to exclude coverage to Mr. Hale for the injuries sustained by Mrs. Hale was *contrary to public policy*. As to the policy issued on the Metro, the court found that the uninsured motorist coverage could not apply by reason of the definition of *uninsured* automobile found both in the policy and in section 11580.2 of the Insurance Code. The court concluded that State Farm was responsible under its policy on the Comet and was required to defend Mr. Hale in the personal injury action filed by his wife, but that Mrs. Hale had no valid claim under the uninsured motorist provision of the policy on her car, and judgment was entered accordingly.

### THE STATE FARM APPEAL

State Farm argues that the trial court erred in its conclusion concerning the household exclusion clause of the policy[1] issued to Mr. and Mrs. Hale on the Comet automobile. The company argues that the exclusion is specifically authorized by section 16454 of the Vehicle Code, which provides, so far as pertinent, that a "motor vehicle liability policy need

---

[1]The policy provided that State Farm agreed to pay on behalf of the insured all sums which the insured shall become legally obligated to pay

not cover any liability for injury to the assured." Under the Comet policy, Mrs. Hale is both a named assured and an assured as Mr. Hale's spouse residing in his home.

Since the trial court rendered its judgment in the instant case,[2] this court has published two opinions upholding the same family exclusion clauses in substantially similar factual situations, *Farmers Ins. Exchange* v. *Geyer,* 247 Cal.App.2d 625 [55 Cal.Rptr. 861] (Division One), and *Farmers Ins. Exchange* v. *Brown,* 252 Cal.App.2d 120 [60 Cal.Rptr. 1] (Division Three). Although in both the *Geyer* and *Brown* cases the wife was riding in the insured automobile driven by her husband and only a single policy was involved, it has not been shown that these factual differences afford any sound reason for distinction. After an exhaustive analysis of the relevant authorities, *Geyer* held that, while the financial responsibility law (Veh. Code, § 16451) defines the risks that must be covered and prohibits policy exclusion of any such risk unless permitted by some other provision of law, section 16454 authorizes the exclusion of any named assured or his spouse. In *Geyer,* the court, at page 750, specifically rejected the contention made here by plaintiffs that the abrogation of interspousal immunity is rendered meaningless if the injured spouse cannot recover under a liability policy. In *Brown,* this court, Division Three, held the exclusion applicable to the wrongful death cause of action of the heirs of the injured and subsequently deceased spouse. As the Supreme Court denied petitions for rehearing on both *Geyer* and *Brown,* it is now settled law that any claim Mrs. Hale had against her husband because of her own injuries would be excluded from the policy issued on the Comet by State Farm.

Plaintiffs, however, argue that the reasoning we should follow is that of *Farmers Ins. Exchange* v. *Frederick,* 244 Cal. App.2d 776 [53 Cal.Rptr. 457], also decided after the judgment in the instant case and subsequently denied a hearing by the Supreme Court. There, the majority held that the exclusion of injuries to the assured did not prevent the owner from recovering for bodily injuries while a passenger in the vehicle. However, there was a strong dissent by Justice Hern-

as damages because of bodily injury (Coverage A) sustained by other persons. The definition of insured includes both the named insured and his spouse if resident in the household. The exclusion stated that the insurance does not apply to: ''. . . (i) coverage A, to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured.''

[2]The lower court's judgment was entered on October 26, 1965; *Geyer* was decided on January 6, 1967, and *Brown* on June 28, 1967.

don and furthermore the family exclusion clause of the policy in the instant case, like that in *Geyer* and *Brown,* contained no such ambiguity as that construed in favor of the insured in *Frederick.* We note that the weight of authority in all other jurisdictions (except those specifically prohibiting family exclusions by statute) supports the results reached in *Geyer* and *Brown, supra.* (See cases collected in 50 A.L.R.2d 131; 7 Appleman, Insurance Law and Practice, § 4410, p. 382.) Accordingly, we conclude that the trial court erred in holding that the family exclusion clause of the policy on Mr. Hale's car was contrary to public policy, and paragraph 1 of the judgment must be reversed.

MRS. HALE'S APPEAL

■ We turn next to the question presented by Mrs. Hale's appeal from the portion of the judgment denying her claim pursuant to the uninsured motorist provision of the policy issued on the Metro.

Both the policy[3] and the statutory definitions[4] of an uninsured motor vehicle specifically state that the term does not include any automobile owned by the named insured or by a member of his household. Plaintiffs, however, urge that the statutory definition is a limited one that applies only to an uninsured motor vehicle whose owner or operator is unknown, and, consequently, as to the State Farm policy issued on Mrs. Hale's car, Mr. Hale's Comet was an uninsured automobile pursuant to the general definition thereof contained in subdivision (b) of the statute.

Clearly, the more specific definition of the second sentence of subdivision (b), subsection (2) (quoted in footnote 4 above)

---

[3]The policy definitions relating to the uninsured motorist provisions (Insuring Agreement III) state: ''. . . the term uninsured automobile shall not include: . . . (ii) a land motor vehicle owned by the named insured or any resident of the same household;''

[4]Section 11580.2 of the Insurance Code provides, so far as relevant: ''(b) Definitions. . . The term 'uninsured motor vehicle' means a motor vehicle with respect to the ownership, maintenance or use of which there is no bodily injury liability insurance or bond applicable at the time of the accident, or there is such applicable insurance or bond but the company writing the same denies coverage thereunder. . . or the owner or operator thereof be unknown, provided that, with respect' to an 'uninsured motor vehicle' whose owner or operator is unknown: · '(1) The bodily injury has arisen out of physical contact of such automobile with the insured or with an automobile which the insured is occupying; '(2) The insured or someone on his behalf shall have reported the accident within 24 hours to the police department of the city where the accident occurred or, if the accident occurred in unincorporated territory then either to the sheriff of the county where the accident occurred or

must be read in conjunction with the more general definition of subdivision (b). The argument that the limitation applies only to an uninsured motor vehicle whose owner or operator is unknown may have been suggested by the poor draftsmanship of the statute, but such limitation would make no sense, as the named insured or a resident of his household would always be known.

Furthermore, the very next clause of the same sentence of subdivision (b), subsection (2) also excludes as an uninsured motor vehicle an automobile owned by the United States of America, Canada, a state or political subdivision of any such government or an agency of any of the foregoing. An automobile owned by either of those governments or an agency thereof could not possibly be an automobile whose owner is unknown. We conclude that the exclusion of various automobiles from the definition of "uninsured motor vehicle" including the exclusion of an automobile owned by the named insured or any resident of the same household applies with respect to the entire statute and is not limited in the fashion suggested by plaintiffs.

■ Since Mrs. Hale was an owner of the Comet automobile as well as a member of her husband's household, both exclusions apply to her. As to the validity of these exclusions expressly permitted by section 11580.2 of the Insurance Code, despite the financial responsibility law, the same considerations apply in upholding the exclusion of uninsured motorist coverage as apply in the exclusion of bodily injury coverage discussed in the first part of this opinion.[5] We hold that the trial court properly determined that the Comet was not an

---

the local headquarters of the California Highway Patrol, and have filed with the insurer within 30 days thereafter a statement under oath that the insured or his legal representative has *or the insured's heirs have a* cause of action arising out of such accident for damages against a person or persons whose identity is unascertainable and set forth facts in support thereof. The term 'uninsured motor vehicle' shall not include an automobile owned by the named insured or any resident of the same household or self-insured within the meaning of the safety responsibility law of the state in which the motor vehicle is registered or which is owned by the United States of America, Canada, a state or political subdivision of any such government or an agency of any of the foregoing, or a land motor vehicle or trailer operated on rails or crawlertreads or while located for use as a residence or premises and not as a vehicle, or a farm-type tractor or equipment designed for use principally off public roads, except while actually upon public roads.''

[5]The only case we have found discussing the validity of exclusions in an uninsured motorist clause in relation to a financial responsibility law, *Garcia* v. *National Union Fire Ins. Co.* (Fla. 1967) 196 So.2d 12, is not conclusive as the tortfeasor and his insurer were not before the court.

uninsured vehicle under the statutory or policy definition applicable to the policy issued by State Farm on Mrs. Hale's vehicle.

While the result reached herein may appear somewhat harsh, we think it is the one required by our present statutes and the case law interpreting them. The many anomalies in automobile liability insurance legislation have been widely discussed.[6] However, where the laws are free of ambiguity, it is for the Legislature and not the courts to rectify any defects in the present system.[7] In view of the above, paragraphs 1 and 3 of the judgment are reversed, and paragraph 2 affirmed.

Shoemaker, P. J., and Agee, J., concurred.

The petition of the plaintiff and respondent and of the plaintiff and appellant for a hearing by the Supreme Court was denied January 17, 1968.

---

[6]See R. E. Kuton and J. O'Connell, Basic Protection for the Traffic Victim—A Blueprint for Reforming Automobile Insurance, Little and Brown 1965.

[7]We have previously indicated, for example, that some jurisdictions, like Wisconsin, by statute, prohibit family exclusion clauses in policies sold in that state (*Perlick* v. *Country Mut. Cas. Co.* (1957) 274 Wis. 558 [80 N.W.2d 921]). Others, like New York, permit spouses to sue each other, but not their respective insurers and further by statute provide that no liability policy insures against interspousal injuries unless the policy expressly so states (see Appleman, *op. cit., supra,* pp. 384-387).