[Civ. No. 46271. Second Dist., Div. One. Oct. 14, 1975.]

MERITPLAN INSURANCE COMPANY, Plaintiff and Respondent, v. NAOMI WOOLLUM, Defendant and Appellant.

---

**COUNSEL**

Ghitterman, Schweitzer & Herreras and William A. Herreras for Defendant and Appellant.

Stockdale, Peckham, Estes, Ramsey, Lawler & Iorillo and John E. Stockdale for Plaintiff and Respondent.

## OPINION

**THOMPSON, J.**—This appeal from a judgment in declaratory relief construing the exclusion provisions of an automobile insurance policy presents the constantly recurring issue of whether the particular exclusion clause is "plain, clear and conspicuous" so as to be effective, or is "ambiguous" so as not to deny coverage. Noting that a flood of prior decisional law establishes only that ambiguity lies in the eyes of the beholder and that the vision of judicial beholders differs, we seek the guidance of an unclear body of law previously applied in situations similar to that involved in the case at bench. Aware that the continued vitality of this opinion probably depends upon whether beholder Justice Matthew Tobriner (No) or beholder Justice Raymond Sullivan (Yes) is able to command a majority of his other colleagues on the California Supreme Court (see e.g., *State Farm Mut. Auto. Ins. Co.* v. *Jacober,* 10 Cal.3d 193 [110 Cal.Rptr. 1, 514 P.2d 953]; *Schwalbe* v. *Jones,* 14 Cal.3d 1 [120 Cal.Rptr. 585, 534 P.2d 73], rehg. granted), we conclude that the exclusion clause here considered meets the test of "plain, clear and conspicuous."

The case at bench reaches us on what is in effect an agreed statement of facts. Meritplan Insurance Company issued an automobile policy to David Woollum covering an automobile standing in his name alone. The policy limits are $15,000. Consisting of a 16-page foldover form, the policy on page one states, under the heading "Part I—Liability," that Meritplan agrees: "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of . . . bodily injury . . . sustained by any person . . . arising out of the ownership . . . or use of the owned automobile . . . ."

On page one under a subheading "Persons Insured," the policy provides: "The following are insureds under Part I . . . with respect to the owned automobile: (1) the named insured, (2) any other person using such automobile with the permission of the named insured . . . ." On page two of the policy, under the subheading "Definitions: Under Part I," it states: " '[N]amed insured' means the individual named in the declarations and also includes his spouse, if a resident of the same household; [¶] 'insured' means a person or organization described under 'persons insured'; [¶] 'relative' means a relative of the named insured or spouse who is a resident of the same household and not temporarily residing . . . elsewhere; provided neither he nor his spouse owns a private passenger automobile."

On page three under the subheading "Exclusions," the policy provides: "This policy does not apply under Part I: [¶] to bodily injury to (1) the spouse or any parent, son, or daughter of the insured, or (2) the named insured."

While the policy was in effect, David Woollum's wife, Naomi, was injured while riding as a passenger in an automobile registered in David's name and driven by him. Naomi sued David for her injuries. Meritplan undertook defense of the action. It was stipulated that Meritplan would pay Naomi the policy limit if she prevailed in a parallel declaratory relief action which is the case at bench.

Agreeing to the existence of the policy provisions stated here and that there is no other evidence relevant to interpretation of the instrument, Meritplan, on the one hand, and Naomi and David, on the other, each moved for summary judgment seeking a declaration of the policy. Meritplan contended that the exclusion clause of the policy barred coverage for injury to Naomi. David and Naomi contended that the policy afforded coverage for injury to Naomi while a passenger in the automobile driven by David. The parties agreed that David is the only person designated by name as an insured in the policy declaration and that Naomi is David's spouse and a resident of the same household. The trial court held for Meritplan, and this appeal by Naomi followed.

Naomi contends: (1) the exclusionary clause of the Meritplan policy is not conspicuous, plain and clear and is reasonably susceptible of an interpretation by which it does not exclude Naomi from its coverage; (2) if the clause is construed to exclude Naomi, it is against public policy; and (3) if it is so construed, the construction creates a class of people wholly unprotected against injuries sustained in vehicle accidents.

### *Exclusionary Clause*

■ Coverage clauses of an insurance policy are construed broadly, resolving all ambiguity in favor of coverage. Exclusionary clauses are interpreted narrowly, resolving all ambiguity against exclusion. (*Gray* v. *Zurich Insurance Co.,* 65 Cal.2d 263, 269 [54 Cal.Rptr. 104, 419 P.2d 168]; *Mid-Century Ins. Co.* v. *Hauck,* 35 Cal.App.3d 293 [110 Cal.Rptr. 707].)

■ The clause of the policy covering the obligation of the insured to pay damages because of bodily injury sustained by "any person,"

liberally construed, includes the obligation of the insured, David, to pay damages for injury to his wife, Naomi. (*State Farm Mut. Auto. Ins. Co. v. Jacober, supra,* 10 Cal.3d 193, 200 [110 Cal.Rptr. 1, 514 P.2d 953].) Difficulty in the case at bench lies in determining whether a narrow construction of the exclusionary clause excludes injury to Naomi from the ambit of the Meritplan policy.

Clauses of an automobile insurance policy similar to those which are here relevant were considered by the Court of Appeal in *Farmers Ins. Exch.* v. *Frederick,* 244 Cal.App.2d 776 [53 Cal.Rptr. 457]. In *Frederick,* the insurance covered liability "which the insured becomes legally obligated to pay because of . . . bodily injury to any person . . . arising out of the ownership" of the described vehicle. The policy included a section stating: "Definition of 'Named Insured' and 'Insured' . . . [¶] If the *insured named* : . . is an individual, the term 'named insured' includes his spouse if a resident of the same household; [¶] The unqualified word *'insured'* includes the named insured and his relatives [and any permissive user]; [¶] The term 'the *insured*' is used severally and not collectively, but the inclusion herein of more than one insured shall not increase the limits of . . . liability." The policy included a section entitled "Exclusions" stating: "This policy does not apply . . . to bodily injury to the *insured* or any member of the family of the insured residing in the same household as the insured."

Frederick, the insured specifically named in the policy, permitted Edwards to drive the insured vehicle while Frederick rode in it. Both were injured in an accident. In a declaratory relief action, the insurance carrier claimed that the exclusionary clause exempted it from liability to Frederick on the policy.

With a dissenting opinion, Division Two of the Second Appellate District of the Court of Appeal held that the exclusion clause did not apply. It reasoned: "[If the insurance company] by the exclusion meant to include within its operative effect injuries to the named insured even though some other insured was driving, the language of the exclusion must be such as to leave no doubt that the definition of 'insured' is not merely for contractual convenience, but that the named insured can never recover under the policy, or recover only in certain situations, irrespective of who drives." (244 Cal.App.2d at p. 782.) From that reasoning, the *Frederick* court concluded that the policy language excluded only the person driving the vehicle at the time of injury and resident members of his family. (244 Cal.App.2d at p. 783.)

Similar policy language again reached the Court of Appeal in *Farmers Ins. Exch.* v. *Geyer,* 247 Cal.App.2d 625 [55 Cal.Rptr. 861]. There a wife was injured when she fell out of a truck driven by her husband. A policy with an insuring clause similar to that involved in *Frederick* covered the truck. Husband was the specifically named insured. The policy provided, under the heading " 'Definition of "Named Insured" ' ": " 'If the insured named in . . . the Declarations is an individual, the term 'named insured' includes his spouse if a resident of the same household.' " A segment of the policy entitled " 'Exclusion Under Part I' " reads: " 'This policy does not apply . . . to the liability of any insured for bodily injury to (a) any member of the same household of such insured . . . or (b) the named insured.' " (247 Cal.App.2d at p. 628.)

Division One of the First Appellate District of the Court of Appeal held that the exclusionary clause of the policy was enforceable so that the injured wife, as a named insured, could not recover. In reaching that result, the court relied in part upon the dissenting opinion in *Frederick.* (247 Cal.App.2d at p. 630.)

*Geyer* was followed by *Farmers Ins. Exch.* v. *Brown,* 252 Cal.App.2d 120 [60 Cal.Rptr. 1]. In *Brown,* a wife was killed while riding in an automobile owned by her and her husband and driven by him. The automobile was covered by a policy with an insuring clause similar to that in *Frederick* and *Geyer.* The exclusionary clause of the policy states that the policy "does not apply . . . to the liability of any insured for bodily injury to . . . the named insured." The definition section of the policy states: "If the insured named . . . is an individual, the term 'named insured' includes his spouse if a resident of the same household." (252 Cal.App.2d at p. 121.) Only the husband was specifically named as an insured in the policy. Relying upon *Geyer,* Division Three of the First Appellate District of the Court of Appeal held that insurance coverage was not available to satisfy the wrongful death claim of the wife's heirs.

The issue again surfaced in *Hale* v. *State Farm Mut. Auto. Ins. Co.,* 256 Cal.App.2d 177 [63 Cal.Rptr. 819]. There, the insuring and exclusionary clauses were essentially the same as in *Frederick.* The latter clause states that the insurance is not applicable to "coverage A, to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured." The definition clause states that the definition of insured includes both the named insured and his spouse if resident in the same household as the insured. Division Two of the First Appellate District of the Court of Appeal, purporting to

follow *Geyer* and *Brown,* found that the exclusion clauses barred recovery by a wife upon the described insurance covering her husband's car where she was injured in an accident between her automobile and his. The court, in *Hale,* expressly rejects the reasoning of the majority opinion in *Frederick,* finding the dissent more persuasive.

The issue reached the Supreme Court of California in *State Farm Mut. Auto. Ins. Co.* v. *Jacober, supra,* 10 Cal.3d 193 [110 Cal.Rptr. 1, 514 P.2d 953]. *Jacober* involves three consolidated cases. In each, the owner of an insured automobile was injured or killed while riding as a passenger in his car driven by another as a permissive user. The insurance clause obligates the insurer "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of (a) bodily injury sustained by other persons" arising from the use of the automobile. (10 Cal.3d at p. 199.) The definition clause states: "[T]he unqualified word 'insured' includes: (1) the named insured, and (2) . . . his . . . spouse . . . if a resident of the same household, and (3) if residents of the same household, the relatives of the first person named in the declarations, or of his spouse, and (4) any other person while using the owned automobile [with permission]." The exclusionary clause reads: "[The insurance does not apply] to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured." (10 Cal.3d at p. 199.)

Our Supreme Court held in *Jacober* that the owner of the insured automobile injured while a passenger could recover on his own insurance policy. It reasoned that the exclusionary clause was ambiguous and could be construed reasonably either to exclude all persons defined as insureds, named and otherwise, or to exclude a person only when he was claiming protection under the policy, for example as a permissive user. Since the injured owners were not claiming protection under the indemnity provisions of the policy when injured, our Supreme Court found them covered under the strictest permissible interpretation of the exclusionary clause.

Along the way to its decision in *Jacober,* our high court approves the majority opinion in *Frederick* and overrules *Hale.* It also, however, approves *Geyer* and *Brown,* stating that "[in *Brown* and *Geyer*] the exclusionary clause specifically withheld coverage for injuries to the 'named insured' rather than merely 'the insured'; such a clause clearly does not share the ambiguity of the provision at issue here." (10 Cal.3d at p. 206.)

Thus our Supreme Court in *Jacober* (Justice Sullivan dissenting) finds ambiguity in an exclusionary clause phrased in terms of "the insured" because that term covers both named insureds and permissive users, but finds that an exclusionary clause phrased in terms of "named insured" is "clearly" unambiguous. By approving *Brown,* the high court includes within the unambiguous concept of "named insured" the spouse of the person named as such in the insurance declaration if the definition portion of the policy defines the spouse as a "named insured."

The exclusionary clause involved in the case at bench is virtually identical with that involved in *Brown.* So is the definition segment. The *Brown* exclusion and definition having been determined to be unambiguous in the eyes of the beholders on our Supreme Court in *Jacober,* we conclude that the exclusionary and definition clauses in the case at bench must also be held unambiguous and hence effective to insulate Meritplan from liability to Naomi.

### *Public Policy*

■ Naomi argues in the alternative that, if the exclusionary clause of the Meritplan policy is construed to avoid coverage of injury to Naomi while riding as a passenger in the vehicle driven by David, the clause is contrary to public policy and unenforceable. That contention lacks merit.

Insurance Code section 11580.05 provides that, except for owners' or operators' policies certified as provided in Vehicle Code section 16450 et seq., and except for assigned risk policies issued pursuant to Insurance Code section 11620 et seq., the public policy of California with respect to automobile insurance policies is totally declared in the provisions of the Insurance Code immediately following section 11580.05. The insurance policy before us in the case at bench is not one certified pursuant to Vehicle Code section 16450 et seq. and is not an assigned risk policy. It is thus one described in Insurance Code section 11580.05.

Insurance Code section 11580.06 states, in subdivision (b): "The term 'insured' shall include the person or persons to whom any policy subject to this article is issued as named insured and any other person to whom coverage is afforded under the terms of any such policy."

Insurance Code section 11580.1 states: "(a) No policy of automobile liability insurance . . . shall be issued or delivered in this state . . . unless it contains the provisions set forth in subdivision (b) . . . . [¶] (b) Every

policy of automobile liability insurance to which subdivision (a) applies shall contain all of the following provisions: . . . (4) Provision affording insurance to the named insured with respect to any motor vehicle covered by such policy, and to the same extent that insurance is afforded to the named insured, to any other person using, or legally responsible for the use of, such motor vehicle, provided such use is by the named insured or with his permission . . . ."

Subdivision (c) of section 11580.1 reads: "In addition to any exclusion as provided in paragraph (3) of subdivision (b), the insurance afforded by any such policy . . . to which subdivision (a) applies may, by appropriate policy provision, be made inapplicable to any or all of the following: [¶] (1) Liability assumed by the insured under contract. [¶] (2) Liability for bodily injury or property damage caused intentionally by . . . . the insured. [¶] (3) Liability imposed . . . under any workmen's compensation law. [¶] (4) Liability for bodily injury to any employee of the insured arising out of and in the course of his employment. [¶] (5) Liability for bodily injury to an insured. [¶] (6) Liability for damage to property owned, rented to, transported by, or in charge of, an insured . . . . [¶] The term 'insured' as used in paragraphs (1), (2), (3), and (4) of this subdivision shall mean only that insured under the policy against whom the particular claim is made or suit brought. The term 'an insured' as used in paragraphs (5) and (6) of this subdivision shall mean any insured under the policy . . . ."

Paragraph (5) of subdivision (c) of section 11580.1 thus authorizes the exclusion of a named insured from the coverage of an automobile liability policy to which section 11580.05 applies. Section 11580.1 does not engraft the *Jacober* limitation, used in a different context, that the exclusion applies only where the insured is subject to the particular claim. It does so by expressing the limitation with respect to other exclusions but not as to the exclusion of an insured.

### Denial of Protection to a Class

Naomi argues that unless the Meritplan exclusionary clause is declared unenforceable as against public policy, the abolition of interspousal immunity declared in *Klein* v. *Klein,* 58 Cal.2d 692 [26 Cal.Rptr. 102, 376 P.2d 70] is meaningless. The contention lacks substance. Naomi can still sue David for negligently inflicted injury and recover from him. Absent an as yet unenacted requirement that all liability for personal injury be covered by insurance, the public policy

declaration in Insurance Code section 11580.05 requires rejection of the argument.

## Needed Legislation

Our duty does not end with disposition of the case at bench. We have an obligation to call to the attention of the Legislature the existence of any large block of cases reaching the courts which statutory change could avoid without change in substantive rights. (See 6 Witkin, Cal. Procedure (2d ed.) Appeal, § 502.) The case at bench is but one of a multitude philosophizing on the presence or absence of ambiguity by extrapolating from Supreme Court approach to similar situations. The need to do so is completely avoidable. Legislation specifying precise exclusions from policies of automobile insurance as a matter of law, unless there is a specific endorsement to the contrary, and requiring that the exclusions be written in statutorily designated language in large print upon the first page of the policy, will accomplish the desirable result. Consumers, as purchasers of insurance, will know what they are buying. Insurance carriers will be able to compute their risks actuarially without the incomputable risk of anticipating whether judicial minds will or will not find particular language ambiguous. The costs to the litigants and to the public will not, as they have undoubtedly done in the case at bench, exceed the amount potentially recoverable upon the policy.

## Disposition

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied November 10, 1975, and appellant's petition for a hearing by the Supreme Court was denied December 11, 1975.