[Civ. No. 37350. First Dist., Div. One. July 6, 1976.]

CIVIL SERVICE EMPLOYEES INSURANCE COMPANY,
Plaintiff, Cross-defendant and Appellant, v.
HARRIS KLAPPER, Defendant, Cross-complainant and Respondent;
JONQUIL SALVESON et al., Defendants and Respondents.

COUNSEL

Eliassen, Postel & Mee and Michael Mee for Plaintiff, Cross-defendant and Appellant.

Friedman & Collard, Friedman, Collard & Poswall and John M. Poswall for Defendants and Respondents.

No appearance for Defendant, Cross-complainant and Respondent.

OPINION

BRAY, J.*—Plaintiff and appellant Civil Service Employees Insurance Company appeals from a judgment of the Contra Costa County Superior Court in favor of defendants and respondents Harris Klapper, et al.

### ISSUE PRESENTED

The exclusionary clause of the policy is not ambiguous.

### RECORD

Plaintiff and appellant Civil Service Employees Insurance Company (CSEIC) filed a complaint for declaratory relief and preliminary injunction in the Mendocino County Superior Court. Pursuant to stipulation and order the action was transferred to the Contra Costa County Superior Court and was there tried before the Honorable Jackson C. Davis, sitting without a jury.

Judgment was entered decreeing that CSEIC was obligated under its policy of automobile insurance to defend the action pending in the Mendocino County Superior Court against Harris Klapper and to pay on behalf of Harris Klapper all sums to the extent of its policy limits which said Harris Klapper shall become legally obligated to pay as damages to the heirs of Rose Klapper. CSEIC appeals.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

## FACTS

The parties have stipulated as to the facts of the case. On February 28, 1972, Harris Klapper purchased a policy of automobile liability insurance from appellant CSEIC. At that time and at the time of the accident Harris and Rose Klapper were husband and wife, residing in the same household in Willits, California.

An accident occurred on March 20, 1972. At that time Harris Klapper was driving a 1962 Buick which was insured under the CSEIC policy, and his wife was riding as a passenger in the car. She received fatal injuries in the accident. Thereafter, the four children of Harris and Rose Klapper (Josephine Klapper, Jonquil Salveson, Avril Hertzberg and Margaretta Warbey) brought an action against Harris Klapper for the wrongful death of his wife and their mother, Rose Klapper. They also sued Charles Aaron Grivette and his employer, Landis Morgan Transportation Company, as he was also involved in the accident. (Grivette and Landis Morgan were made defendants in the action for declaratory relief brought by CSEIC in order to bind them to the court's determination.) The wrongful death action is now pending in the Superior Court for Mendocino County.

CSEIC then commenced this action for declaratory relief, seeking a judicial determination that it did not cover the liability of Harris Klapper for the fatal injuries sustained by his wife, Rose.

### THE POLICY

The insuring clause of the policy in question provides that CSEIC agrees "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: A. bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by any person; . . ."

At issue in this case is the following exclusion which reads as follows: "This policy does not apply . . . (g) to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured; . . ."

Under the heading "PERSONS INSURED" the policy states, "The following are insureds . . . (a) With respect to the owned automobile, (1) the named insured and any resident of the same household, (2) any other

person using such automobile, provided the actual use thereof is with the permission of the named insured; . . .''

In addition the following definitions are included in the policy: " '[N]amed insured' means the individual named in Item 1 of the declarations and also includes his spouse, if a resident of the same household; 'insured' means a person or organization described under 'Persons Insured'.''

 *The exclusionary clause of the policy is not ambiguous.*

Appellant does not dispute that the insuring clause would be applicable to the liability of Harris Klapper for the fatal injuries sustained by his wife except for the exclusion provisions of the policy. Thus the only issue is whether the policy provides for an exclusion which would remove Harris Klapper's liability from the coverage provided by the policy. The exclusion at issue provides that the policy does not apply "to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured."

This same exclusionary clause was interpreted by the California Supreme Court in *State Farm Mut. Auto. Ins. Co. v. Jacober* (1973) 10 Cal.3d 193 [110 Cal.Rptr. 1, 514 P.2d 953]. In *Jacober* three appeals were consolidated for hearing and in each case the owner of an automobile, while riding as a passenger in his own car, was injured or killed in an accident allegedly caused by the driver, a permissive user. The insurer sought a judicial determination as to whether an exclusion, identical to the one in the instant case, avoided any obligation on its part to defend the drivers accused of negligence and to pay any judgments which might be rendered against them. The trial courts in each instance found against the insurer. Our Supreme Court affirmed the judgments finding that the policy "protects a permissive user of the insured car against liability to 'other persons' and, from the permissive user's point of view, the owner of the car is clearly among the 'other persons' against whom he may reasonably expect, and claim, protection." (*Id.,* at p. 196.) The policy provided that the company agrees " 'to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of (a) bodily injury sustained by other persons' arising from the use of the owned automobile, . . ." The policy defines "insured" as " '(1) the named insured, and (2) . . . his or their spouse(s), if a resident of the same household . . . and (4) any other person while using the owned

automobile . . .' " (with permission of the insured). The exclusion clause provided that the insurance does not provide coverage " *'to bodily injury to the insured* or any member of the family of the insured.' " (*State Farm Mut. Auto. Ins. Co.* v. *Jacober, supra,* 10 Cal.3d 193 at p. 199; italics added in *Jacober.*)

In reaching its decision the *Jacober* court found that the parties had advanced three alternative interpretations of the exclusionary clause, all of which were solely concerned with the term "the insured." One interpretation was that the term "the insured" may be interpreted as including all persons coming within the definition of "insured" as that term is defined in the policy. Another interpretation was that that term means those persons defined as the "named insured" under the policy. The third was that "the insured" refers only to that person, whether named or additional insured, who faces potential liability and who claims the protection of the policy with regard to the accident in question. Stating that it was not required to select the "correct" interpretation but only to affirm the trial court's finding of coverage so long as there is any reasonable interpretation under which recovery would be permitted, the court concluded that "the policy's exclusion of 'bodily injury to the insured' may reasonably be interpreted as referring only to injuries sustained by the party facing liability for an alleged misuse of the vehicle, that is, the party who seeks a legal defense and indemnity from the insurer. In common parlance such an individual— even though only a permissive user—would normally be considered 'the insured' in these circumstances, and we believe that, as written, the present exclusionary clause could reasonably be understood as referring to injuries sustained by such a person. Because under this interpretation coverage would not be excluded for the injuries in the instant case, we hold that the trial courts correctly declared that the insurer was bound to its duty to defend and indemnify." (*State Farm Mut. Auto. Ins. Co.* v. *Jacober, supra,* 10 Cal.3d 193 at p. 203.)

In *Jacober* the court was concerned with the first part of the exclusion, that is, the part that excludes "bodily injury to the insured," but because the instant case involves a different factual situation, we are here concerned with the entire exclusion which excludes "bodily injury to the insured or any member of the family of the insured residing in the same household as the insured."

The entire exclusion, however, was the subject of a footnote in *Jacober* and it appears that the trial court's decision in the instant case was based

on this footnote. The footnote reads as follows: "No statutory provision defines the term 'assured' as used in Vehicle Code section 16454, and consequently the statutory language bears the same level of ambiguity, and is subject to the same conflicting interpretations, as the word 'insured' in exclusion 'i' of State Farm's policy. (See *infra.*) It is clear, however, that whatever the scope of the statutory 'assured' in section 16454, State Farm's exclusion ostensibly extends beyond the bounds of this provision, for exclusion 'i' purports to bar coverage for injuries not only to the 'insured' but also to 'any member of the family of the insured residing in the same household as the insured.' Insofar as the policy attempts to exclude coverage for a permissive user that is not authorized by section 16454, such exclusion would conflict with Vehicle Code section 16451 and would be invalid. (See *Wildman* v. *Government Employees' Ins. Co.* (1957) 48 Cal.2d 31 [307 P.2d 359].)" (*State Farm Mut. Auto. Ins. Co.* v. *Jacober, supra,* 10 Cal.3d 193 at p. 201, fn. 6.) The trial court interpreted this footnote as saying that "whatever the scope of the statute, an exclusion of coverage for injury to 'any member of the family of the insured residing in the same household as the insured' exceeds the bounds authorized by the statute, and to that extent is invalid under *Wildman v. Government Employees' Insurance Co.,* 48 C 2d 31."[1]

The trial court in its memorandum of decision evidently felt that the policy was not ambiguous, but felt that because the case bore some resemblance to *Jacober,* it was under compulsion of that case to hold the policy ambiguous for it said "Were this a case of first impression, this court would find the reasoning of the dissent in Jacober persuasive."

[1]It appears that whatever the Supreme Court meant by this observation, it is not controlling of the instant case as we are not concerned with coverage for a permissive user. The following discussion is offered only as an attempt to clarify the footnote.

Vehicle Code section 16454 provides in relevant part, "Any motor vehicle liability policy need not cover any liability for injury to the assured. . . ."

Vehicle Code section 16451 provides in relevant part, "An owner's policy of motor vehicle liability insurance shall insure the person named therein and any other person, as insured, using any owned motor vehicle with the express or implied permission of said assured, against loss from the liability imposed by law for damages arising out of ownership, maintenance, or use of such motor vehicle . . . ."

Respondents suggest that the exclusion is overbroad in that it attempts to exclude persons who are not even "insureds." That is, the policy lists as insureds the named insured (the individual named in the declaration and his spouse, if a resident of the same household) and any resident of the same household and any permissive user. However, under the exclusion, the insured and any member of the family of the insured residing in the same household as the insured are excluded. Thus the exclusion is overbroad in that it would illegally exclude any member of the family of a permissive user residing in the same household as the permissive user even though such persons are not "insureds" under any interpretation of that term.

The issue before this court is the ambiguity of the entire exclusion and as applied to the facts of this case, it is concluded that although *Jacober* found the term "the insured" susceptible of more than one interpretation, there is no interpretation under which the policy fails to exclude liability for injuries to Rose Klapper. Liability for injuries to Rose Klapper would be excluded under a definition of the term "the insured" which includes all persons coming within the definition of "insured" as defined in the policy. Such liability would be excluded under a definition which would equate "insured" with "named insured." Such liability would also be excluded where "the insured" is interpreted as referring only to that person who faces potential liability and who claims the protection of the policy with regard to the accident in question.[2]

■ The general rule is that exclusionary clauses are interpreted narrowly, resolving all ambiguity against exclusion. (*Meritplan Ins. Co.* v. *Woollum* (1975) 52 Cal.App.3d 167, 170 [123 Cal.Rptr. 613]; *Mid-Century Ins. Co.* v. *Hauck* (1973) 35 Cal.App.3d 293, 297 [110 Cal.Rptr. 707].) However, the courts will not indulge in a forced construction so as to fasten a liability on the insurance company which it has not assumed. (*Farmers Ins. Exch.* v. *Harmon* (1974) 42 Cal.App.3d 805, 809 [117 Cal.Rptr. 117].)

■ Respondents contend that even if the exclusion is found to be unambiguous, the exclusion is invalid because Insurance Code section 11580.1, subdivision (c)(5), which authorizes the exclusion, is unconstitutional. Subdivision (c)(5) authorizes automobile liability insurance policies to exclude from coverage "Liability for bodily injury to an insured." The last sentence of section 11580.1, subdivision (c), states that the term "an insured" means "any insured under the policy."[3]

---

[2]The recent Supreme Court decision in *California State Auto. Assn.* v. *Warwick* (1976) [17 Cal.3d 190, 130 Cal.Rptr. 520, 550 P.2d 1056] distinguishes *Jacober* on the grounds that the exclusionary clause in *Jacober* referred to injuries to "*the* insured" while the exclusionary clause in the policy before it referred to injuries sustained by "*any* insured." In the present case we are concerned with an exclusionary clause identical to the one in *Jacober*. However, here we are concerned with the meaning of the entire clause and under the facts of the present case coverage is not available under any reasonable interpretation of that clause.

[3]Section 11580.1 was enacted in 1970. Subdivision (c) of that section reads as follows:

"(c) In addition to any exclusion as provided in paragraph (3) of subdivision (b), the insurance afforded by any such policy of automobile liability insurance to which subdivision (a) applies may, by appropriate policy provision, be made inapplicable to any or all of the following:

(1) Liability assumed by the insured under contract.

(2) Liability for bodily injury or property damage caused intentionally by or at the direction of the insured.

We are given some guidance in replying to respondents' contentions in the recent Supreme Court decision in *Schwalbe* v. *Jones* (1976) 16 Cal.3d 514 [128 Cal.Rptr. 321, 546 P.2d 1033]. In that decision the Supreme Court upheld the validity of Vehicle Code section 17158 which precludes recovery by an automobile owner for injuries incurred while the owner was a passenger in his own vehicle and based upon the negligence of the person to whom the owner had entrusted his vehicle for driving. Although its primary concern was with the validity of Vehicle Code section 17158, the court made reference to liability insurance provisions which exclude the named insured and members of his family, stating: "In a line of cases extending at least back to 1966, supported by authorities from other jurisdictions extending back considerably further than that, the courts of this state had indicated that a liability insurance provision excluding the named insured or members of his family from coverage was valid and not in contravention of public policy. (See *Travelers Indem. Co.* v. *Colonial Ins. Co., supra,* 242 Cal.App.2d 227, 234 [51 Cal.Rptr. 724]; *Farmers Ins. Exch.* v. *Geyer* (1967) 247 Cal.App.2d 625, 629-632 [55 Cal.Rptr. 861]; *Farmers Ins. Exch.* v. *Brown* (1967) 252 Cal.App.2d 120, 122 [60 Cal.Rptr. 1]; *Hale* v. *State Farm Mut. Auto. Ins. Co.* (1967) 256 Cal.App.2d 177, 180-181 [63 Cal.Rptr. 819]; *Paul Masson Co.* v. *Colonial Ins. Co.* (1971) 14 Cal.App.3d 265, 269 [92 Cal.Rptr. 463]; cf. *Farmers Ins. Exch.* v. *Frederick* (1966) 244 Cal.App.2d 776, 781, fn. 3 [53 Cal.Rptr. 457]; see generally Annot., 46 A.L.R.3d 1061.) In view of these authorities the Legislature in 1970 had amended section 11580.1 of the Insurance Code to expressly permit such an exclusion." (*Schwalbe* v. *Jones, supra,* at p. 521.) The court took judicial notice of the fact that substantially all such policies presently contain exclusions of this nature and noted that an insurance company which in unambiguous terms avails itself of an exclusion expressly permitted by Insurance Code section 11580.1 does not contravene public policy in light of the explicit

(3) Liability imposed upon or assumed by the insured under any workers' compensation law.

(4) Liability for bodily injury to any employee of the insured arising out of and in the course of his employment.

(5) Liability for bodily injury to an insured.

(6) Liability for damage to property owned, rented to, transported by, or in charge of, an insured.

(7) Liability for any bodily injury or property damage with respect to which insurance is or can be afforded under a nuclear energy liability policy.

(8) Any motor vehicle or class of motor vehicles, as described or designated in the policy, with respect to which coverage is explicitly excluded, in whole or in part.

The term 'the insured' as used in paragraphs (1), (2), (3), and (4) of this subdivision shall mean only that insured under the policy against whom the particular claim is made or suit brought. The term 'an insured' as used in paragraphs (5) and (6) of this subdivision shall mean any insured under the policy."

language used by the Legislature to authorize such exclusions. (*Id.,* at p. 521, fn. 9.)

It is noted, however, that *Schwalbe* does not precisely address the constitutional issue before this court although it does indicate the court's view that such exclusions are valid.

According to the express provisions of Insurance Code section 11580.1, subdivision (c)(5), any person who is insured under the policy, whether the person is a named insured or an additional insured, may be excluded from recovering under the policy for bodily injury to him.

Vehicle Code section 16451 states that "An owner's policy of motor vehicle liability insurance shall insure the person named therein and any other person, as insured, using any owned motor vehicle with the express or implied permission of said assured, . . ." Thus, although an insurance carrier is required to include as insureds permissive users, it may also increase the number of persons insured. The insurance carrier thus incurs the additional responsibility of insuring those persons, while the persons who are included as persons insured are benefited by the coverage afforded by the policy. Insurance Code section 11580.1, subdivision (c)(5) which permits the insurance carrier to exclude from coverage liabilities for bodily injuries to an insured cannot be said to be without a rational basis. It seems appropriate to note, however, that with respect to the policy in the instant case, as is true in most such standard policies, the persons who are insured under the policy in addition to the named insured are those whose use of the automobile would most often be with the express or implied permission of the named insured. However, viewed in this light it appears to be reasonable for the Legislature to permit an insurance policy to exclude coverage for bodily injuries to an insured in view of the Legislature's requirement in Vehicle Code section 16451 that such policies insure any permissive user in addition to the person named in the policy. It is the burden of the respondents in this case to demonstrate that the legislation in question here is irrational or that the purpose which the Legislature has furthered is not a legitimate legislative concern. (See *Schwalbe* v. *Jones, supra,* 16 Cal.3d 514 at p. 523.) This respondents have not done. In a recent Court of Appeal decision, *Meritplan Ins. Co.* v. *Woollum, supra,* 52 Cal.App.3d 167 at pages 175-176, the court denied as without substance a similar equal protection argument noting that there is no requirement that all liability for personal injury be covered by insurance.

 We hold that the exclusion provision of the policy is not ambiguous and should prevail.

Judgment reversed.

Sims, Acting P. J., and Elkington, J., concurred.

The petition of the defendants and respondents for a hearing by the Supreme Court was denied September 3, 1976.