[L. A. No. 31340. May 21, 1981.]

FARMERS INSURANCE EXCHANGE, Plaintiff and Appellant, v. PAUL COCKING, JR., et al., Defendants and Respondents.

**COUNSEL**

Horvitz, Greines & Poster, Horvitz & Greines, Ellis J. Horvitz, Marc J. Poster and Alan G. Martin for Plaintiff and Appellant.

Rogers, Joseph, O'Donnell & Quinn, Pettit & Martin, Joseph W. Rogers, Jr., and Susan M. Popik as Amici Curiae on behalf of Plaintiff and Appellant.

Girardi, Keese & Crane and John R. Swaney for Defendants and Respondents.

Robert Cartwright, Edward I. Pollock, Stephen I. Zetterberg, Richard D. Bridgman, Arne Werchick, Ralph D. Drayton, Harvey R. Levine, Ian Herzog, Glen T. Bashore, Leonard Sacks, Neil M. Levy and Leslie

Steven Rothenberg as Amici Curiae on behalf of Defendants and Respondents.

## OPINION

**RICHARDSON, J.**—We resolve a constitutional challenge to section 11580.1, subdivision (c), of the Insurance Code (further statutory references are to that code unless otherwise indicated) which authorizes automobile liability insurers to exclude from coverage an insured's bodily injury liability to any other person insured under the policy. As will appear, we conclude that the provision is valid.

Defendant Cecilia Glorious, wife of defendant Paul Cocking, was injured while she was a passenger in a car driven by him. She sued him for damages alleging that her injuries were caused by her husband's negligence. Seeking to avoid indemnifying Cocking under the automobile liability policy which it had issued to him, plaintiff Farmers Insurance Exchange (Farmers) brought the present declaratory relief action. Farmers relied upon the following exclusion in its policy with Cocking: "[T]his policy does not apply under Part I (liability insurance) ... to the liability of any insured for bodily injury to (a) the named insured, or (b) a relative of the named insured who is a resident of the same household." Another relevant provision of the policy provided that: "If the insured named in Item 1 of the Declarations is an individual, the term 'named insured' includes his spouse if a resident of the same household." It is undisputed that at the time of the accident defendant Glorious was defendant Cocking's wife living with him in the same household. Accordingly, all parties agree that the exclusion, if valid, would bar bodily injury coverage for her injuries.

We note, preliminarily, that the foregoing exclusion is expressly authorized by section 11580.1, subdivision (c), which provides in relevant part that "In addition to any exclusion as provided in paragraph (3) of subdivision (b), the insurance afforded by any such policy of automobile liability insurance to which subdivision (a) applies may, by appropriate policy provision, be made inapplicable to .... [¶] (5) Liability for bodily injury to an insured." Defendant Glorious readily acknowledges that this statute purports to authorize an automobile liability insurer to ex-

clude coverage for bodily injury to an insured such as herself. She argues, however, that this provision contravenes public policy and is void as a denial of equal protection under both federal and state Constitutions. The trial court accepted her constitutional argument and granted a summary judgment in her favor. Farmers appeals.

### 1. *Public Policy*

■ Defendant Glorious contends that the exclusion at issue violates public policy and is unenforceable for that reason. As we explain, the exclusion is expressly sanctioned by state statute and, accordingly, cannot be struck down on public policy grounds.

The contention that general public policy forbids an insurer from excluding liability coverage for bodily injury to an insured has been repeatedly rejected both by us and the Court of Appeal. (*Schwalbe* v. *Jones* (1976) 16 Cal.3d 514, 521-522 [128 Cal.Rptr. 321, 546 P.2d 1033], overruled on other grounds, *Cooper* v. *Bray* (1978) 21 Cal.3d 841, 855 [148 Cal.Rptr. 148, 582 P.2d 604]; *California Cas. Indem. Exch.* v. *Hoskin* (1978) 82 Cal.App.3d 789, 792-793 [147 Cal.Rptr. 348]; *State Farm Mut. Auto. Ins. Co.* v. *Hartle* (1976) 59 Cal.App.3d 852, 857-858 [131 Cal.Rptr. 141]; *Civil Service Employees Ins. Co.* v. *Klapper* (1976) 59 Cal.App.3d 918, 925-927 [130 Cal.Rptr. 921]; *Meritplan Ins. Co.* v. *Woollum* (1975) 52 Cal.App.3d 167, 175-176 [123 Cal.Rptr. 613].)

Recently Justice Sullivan, writing for the majority in *Schwalbe*, observed that "In a line of cases extending at least back to 1966, supported by authorities from other jurisdictions extending back considerably further than that, the courts of this state [have] indicated that a liability insurance provision excluding the named insured or members of his family from coverage [is] valid and not in contravention of public policy. [Citations.] In view of these authorities the Legislature in 1970 ... amended section 11580.1 ... to expressly permit such an exclusion." (16 Cal.3d at p. 521.) In *Schwalbe*, we took judicial notice of the fact that most automobile liability insurance policies contain such exclusions, and that "Any suggestion ... that this [practice] would contravene some vaguely conceived public policy ... must surely founder upon the explicit language used by the Legislature to authorize such exclusions." (*Id.*, at pp. 521-522, fn. 9.)

Although the precise holding in *Schwalbe* was overruled by us in *Cooper* v. *Bray, supra*, nothing we said in *Cooper* casts any doubt upon the validity of the exclusion authorized by section 11580.1. *Cooper*'s holding was directed solely to the propriety of the substantive *immunity* granted to negligent drivers vis-à-vis owner-passengers under Vehicle Code section 17158. As we explain below, no similar grant of immunity from suit is here involved.

It is argued that section 11580.1 contravenes a basic public policy, expressed in Civil Code section 1714, subdivision (a), making every person responsible for his own negligent acts. Similarly, it is urged that section 11580.1 also conflicts with the general policy favoring adequate recovery for persons injured in automobile accidents. (See *Wildman* v. *Government Employees' Ins. Co.* (1957) 48 Cal.2d 31, 39 [307 P.2d 359].)

There are two answers to the contention. First, the exclusion authorized by section 11580.1, subdivision (c)(5), is not contrary to the policy expressed in the Civil Code because it is self-evident that an injured party, such as defendant Glorious herein, retains the full unrestricted right to sue the negligent insured. (Accord, *Meritplan Ins. Co.* v. *Woollum, supra*, 52 Cal.App.3d 167, 175-176.) The exclusion affects only the right to reach insurance proceeds for the satisfaction of any judgment obtained. Second, and more fundamental, reliance upon *general* principles favoring recovery for injuries is misplaced. With respect to the specific issue before us, the public policy of this state is contained not in broadly expressed generalized abstractions but in the applicable statutory provisions themselves. Section 11580.05 expressly recites that "The Legislature declares that *the public policy of this state* in regard to provisions authorized or required to be included in policies affording automobile liability insurance or motor vehicle liability insurance issued or delivered in this state *shall be as stated in this article*, [and] that *this article expresses the total public policy of this state respecting the contents of such policies*, . . ." (Italics added.) Thus, section 11580.1, subdivision (c), is not only consistent with state public policy, *it itself constitutes and expresses that policy*. (See *Meritplan Ins. Co.* v. *Woollum, supra*, 52 Cal.App.3d at pp. 175-176.)

As we explain below, the Legislature's decision to authorize automobile insurers to continue to exclude bodily injury liability to an insured under the policy is supported by a variety of rational, legitimate reasons. That we may disagree with some or all of these reasons affords

no justification whatever for the substitution of our own view of what is proper public policy for that of the Legislature. (*Bodinson Mfg. Co. v. California E. Com.* (1941) 17 Cal.2d 321, 325 [109 Cal.Rptr. 325].)

### 2. *Equal Protection of the Law*

■ Defendants challenge section 11580.1, subdivision (c)(5), on equal protection grounds, arguing that the exclusion of an insured from bodily injury recovery under the negligent insured's automobile liability policy is irrational and arbitrary. Farmers answers the equal protection challenge by contending, alternatively, that (1) there is no state action upon which to invoke equal protection principles, and (2) in any event, section 11580.1 is supported by sufficient rational bases. As the second contention is clearly meritorious, we need not reach the state action issue.

The applicable review standard for testing the constitutionality of section 11580.1, subdivision (c)(5), is the so-called "traditional" or "restrained" standard which requires courts to uphold the validity of a legislative classification if it rationally relates to a legitimate state purpose. (*Cooper v. Bray, supra,* 21 Cal.3d 841, 847; *Newland v. Board of Governors* (1977) 19 Cal.3d 705, 711 [139 Cal.Rptr. 620, 566 P.2d 254].) ■ In applying this standard, courts must conduct a "serious and genuine judicial inquiry" into the nature of the connection between the particular classification and the legislative goals. (*Cooper,* at p. 848; *Newland,* at p. 711.)

As previously noted, the challenged provision permits, *but does not require,* automobile insurers to continue to exclude coverage for bodily injury liability to insureds (usually, family household members). The primary basis underlying the use of this exclusion has been well described in a recent Indiana case: "[T]he concept of a household exclusion is a common one which has long enjoyed judicial support. Its purpose is to prevent suspect inter-family legal actions which may not be truly adversary and over which the insurer has little or no control. Such an exclusion is a natural target for the insurer's protection from collusive assertions of liability. [¶] . . . [T]he freedom of the parties to exclude risks from an insurance contract is well established: [Citations.]" (*United Farm Bur. Mut. Ins. Co. v. Hanley* (1977) 172 Ind.App. 321 [360 N.E.2d 247, 252], fns. omitted; see *Barnes v. Powell* (1971) 49 Ill.2d 449 [275 N.E.2d 377, 381] [dis. opn.].)

Defendants argue that the prevention of fraud or collusion has been deemed to be an insufficient and overbroad justification for a blanket rule of immunity from suit. (*Brown* v. *Merlo* (1973) 8 Cal.3d 855, 874-877 [106 Cal.Rptr. 388, 506 P.2d 212, 66 A.L.R.3d 505] [guest statute invalid]; *Gibson* v. *Gibson* (1971) 3 Cal.3d 914, 919-920 [92 Cal.Rptr. 288, 479 P.2d 648] [parental immunity rule invalid].) A statute which purported to immunize an insured driver from bodily injury liability actions by other insured family members might be constitutionally invalid. As we stressed in *Brown* v. *Merlo*, "it is unreasonable *to eliminate causes of action* of an entire class of persons simply because some undefined portion of the designated class may file fraudulent lawsuits." (8 Cal.3d at p. 875, italics added.)

 In the present case, however, no such immunity is conferred, and no such causes of action are abrogated. Rather, the Legislature has merely excluded one class from mandatory liability coverage, consistent with a preexisting judicial rule, founded upon freedom of contract and the insurer's legitimate interest in minimizing future losses attributable to fraud or collusion. These considerations fully satisfy the rational basis test. The Legislature reasonably may have concluded that the benefits *to the public* from automatically including "family member" coverage in all automobile liability policies were outweighed by the probable adverse consequences of such a rule. It is not unreasonable to suppose that substantial increases in premiums would be forthcoming if such coverage were declared mandatory. It may well have been a legislative concern that an increase in the costs of liability insurance might result in an appreciable increase in the number of uninsured drivers to the ultimate detriment of the general public. In addition, family members are frequently protected by the medical coverage provisions of the insured's policy, or by other medical or casualty insurance, thereby diluting the necessity for liability coverage. The Legislature may have deemed it unwise to require an insured to purchase expensive *liability* insurance in order to protect himself or another insured from potential injuries.

The decision of a carrier whether to offer, or of a prospective insured to accept, the various kinds of liability insurance is one which the Legislature reasonably might well leave to the insurer and insured, respectively. To hold otherwise and, in effect, to require family member liability coverage against the better judgment of the contracting parties would constitute an unprecedented judicial interference into private

contractual and economic arrangements in direct contravention of the public policy legislatively expressed in section 11580.1.

The judgment is reversed and the trial court directed to enter judgment in favor of plaintiff.

Bird, C. J., Tobriner, J., Mosk, J., Newman, J., Rattigan, J.,* and Blease, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.