Kenneth M. SERSION and Marilyn Hamm, Plaintiffs–Appellants,

v.

DAIRYLAND INSURANCE COMPANY and Sentry Claims Service, Defendants–Appellees.

No. 87CA0450.

Colorado Court of Appeals, Div. I.

June 30, 1988.

Frank A. Gerig, P.C., Frank A. Gerig, Colorado Springs, for plaintiffs-appellants.

Melat & Pressman, Julie A. Wolfe, Colorado Springs, for defendants-appellees.

PLANK, Judge.

In this action for breach of an automobile insurance policy, plaintiffs, Kenneth M. Sersion (Sersion) and Marilyn Hamm (Hamm), appeal the summary judgment entered in favor of defendants, Dairyland In-

surance Company (Dairyland) and Sentry Claims Service. We affirm.

■ On July 11, 1984, Dairyland notified Hamm of an increase in premium for an automobile insurance policy covering a vehicle which she owned. The reason specified for the increase was that Sersion, her son, had been convicted of driving on the wrong side of a divided highway and of two speeding violations. The notice, which also provided that the increase would become effective on August 11, 1984, offered to exclude Sersion from coverage under the policy and informed Hamm of her right to protest the action taken.

In September 1984, Hamm executed a request to delete coverage for Sersion. Pursuant to her request, Dairyland issued a driver exclusion endorsement naming Sersion as an excluded driver under the policy. In June 1985, Sersion had an accident while driving the vehicle in question, and Dairyland, through its agent Sentry Claims Service, refused to pay any claims or to defend plaintiffs in any legal actions arising from the accident.

Plaintiffs, thereafter, filed this action seeking damages for defendants' failure to comply with the terms of Hamm's automobile insurance policy. The parties filed cross-motions for summary judgment. Each alleged that no material facts were in dispute and asserted that the only disputed legal issue was the validity of the driver exclusion endorsement to Hamm's automobile insurance policy. The trial court granted defendants' motion finding that Sersion was not insured to drive the vehicle in question and that § 10–4–721(2), C.R.S. (1987 Repl.Vol. 4A) absolved Dairyland from liability for damages, losses, or claims arising out of his operation of that automobile.

On appeal, plaintiffs contend that the trial court erred in granting summary judgment on the basis of § 10–4–721, C.R.S. (1987 Repl.Vol. 4A). They argue that the exclusion section, § 10–4–721(2), contravenes the purpose of the Colorado Auto Accident Reparations Act § 10–4–701, et seq., C.R.S. (1987 Repl.Vol. 4A) (the Act) as a whole; and therefore, its application

should be limited to exclude only that liability which exceeds the minimum amount of coverage required by the Act. We disagree.

The purpose of the Act is to compensate victims of automobile accidents adequately and to require motor vehicle owners to purchase insurance policies which provide both liability coverage and no-fault benefits. Section 10–4–702, C.R.S. (1987 Repl. Vol. 4A), *Meyer v. State Farm Mutual Automobile Insurance Co.*, 689 P.2d 585 (Colo.1984). Sections 10–4–712 and 10–4–721, C.R.S. (1987 Repl.Vol. 4A), however, delineate the conditions and exclusions which properly may limit coverage required by the Act.

■ Section 10–4–721(1), C.R.S. (1987 Repl.Vol. 4A) allows an insurer to exclude from coverage a named person whose experience or driving record justifies cancellation or nonrenewal of the automobile insurance policy. A policy containing such an exclusion "may provide that ·the insurer shall not be liable for damages, losses, or claims arising out of this operation or use of the insured motor vehicle, whether or not such operation or use was with the express or implied permission of a person insured under the policy." Section 10–4–721(2), C.R.S. (1987 Repl.Vol. 4A). This language clearly and unambiguously demonstrates a legislative intent to authorize an insurer to exclude from coverage all liability arising from the use of an automobile by certain named drivers; thus, the application of the statute cannot be limited or invalidated on public policy grounds. *See Farmers Insurance Exchange v. Cocking*, 29 Cal.3d 383, 173 Cal.Rptr. 846, 628 P.2d 1 (1981); *Lovato v. Liberty Mutual Fire Insurance Co.*, 109 Wash.2d 43, 742 P.2d 1242 (Wash.1987).

The rights and duties of the parties to an automobile insurance policy are defined by the terms and conditions of the insurance contract. *Benham v. Manufacturers & Wholesalers Indemnity Exchange*, 685 P.2d 249 (Colo.App.1984). As in other areas of contract law, the language of an insurance policy is determinative of the intent of the parties, and its interpretation is

a question of law. *Marez v. Dairyland Insurance Co.*, 638 P.2d 286 (Colo.1981); *Benham v. Manufacturers & Wholesalers Indemnity Exchange, supra.* Only if the terms of an agreement are ambiguous may extrinsic evidence be admitted as to the intent of the parties. *Benham v. Manufacturers & Wholesalers Indemnity Exchange, supra.*

The driver exclusion endorsement issued by Dairyland stated that the policy would not provide any insurance when the motor vehicle was being driven by Sersion and that Hamm would have to repay any expenses incurred or payments made by Dairyland as a result of an accident involving the vehicle in question while driven by Sersion. This language is not ambiguous, and we agree with the trial court's finding that Sersion was not an insured driver of the that automobile. Accordingly, summary judgment was properly granted in favor of defendants. *See Benham v. Manufacturers & Wholesalers Indemnity Exchange, supra.*

Plaintiffs' reliance on *Bukulmez v. Hertz Corp.*, 710 P.2d 1117 (Colo.App.1985), *rev'd on other grounds, Blue Cross v. Bukulmez*, 736 P.2d 834 (Colo.1987), and on *Allstate Insurance Co. v. United States Fidelity & Guaranty Co.*, 619 P.2d 329 (Utah 1980), is misplaced. In *Bukulmez*, this court held that, in the absence of an applicable statutory exclusion, an insurer's attempt to limit contractual coverage that was compulsory under the Act was invalid. Similarly, *Allstate Insurance Co.*, involved an exclusionary endorsement that was not sanctioned by statute.

Finally, we reject plaintiffs' contentions that material issues of genuine fact existed as to whether defendants complied with § 10–4–720(2)(b) and (d), C.R.S. (1987 Repl.Vol. 4A) and whether Hamm believed the driver exclusion endorsement had become effective. Our review of the July 1984 notice of premium increase shows that it did in fact comply with § 10–4–720(2)(b) and (d), C.R.S. (1987 Repl.Vol. 4A).

Furthermore, Hamm did not raise in the trial court the question of whether the endorsement had become effective. Accordingly, it will not be addressed for the first time on appeal. *See Wilson v. Board of County Commissioners*, 703 P.2d 1257 (Colo.1985).

Judgment affirmed.

PIERCE and TURSI, JJ., concur.