[Civ. No. 24632.   First Dist., Div. One.   July 25, 1968.]

REYNOLD LOFBERG, Plaintiff and Appellant, v. AETNA
     CASUALTY AND SURETY COMPANY, Defendant
     and Respondent.

Fred F. Cooper for Plaintiff and Appellant.

Berry, Davis & McInerney and Phillip S. Berry for Defendant and Respondent.

ELKINGTON, J.—This appeal from a judgment in a declaratory relief action principally concerns Insurance Code section 11580.2 relating to insurance coverage for injuries caused by the operator of an uninsured automobile. It comes to us on a settled statement under rule 7, California Rules of Court.

From the settled statement it appears that the following was uncontradicted or admitted at the trial. Plaintiff-appellant Reynold Lofberg asked "John Doe," whom he met in a bar, to drive him home in plaintiff's car. Shortly after the trip started plaintiff "passed out." "John Doe" thereafter drove the vehicle into a telegraph pole, causing injuries to plaintiff. "John Doe" ran from the accident and disappeared. Plaintiff does not know the identity of the driver, "John Doe" being a fictitious name.

At the time of the accident plaintiff was the named insured and his automobile the covered vehicle of a liability insurance policy written by defendant-respondent The Aetna Casualty and Surety Company, hereinafter called "Aetna." The policy specified that any person driving the automobile with plaintiff's permission was an "insured." "John Doe" never gave written notice of the accident or otherwise communicated with Aetna. Plaintiff, however, did give written notice to Aetna but the notice did not contain particulars sufficient to identify "John Doe." Plaintiff's attorney testified that Aet-

na's claims manager told him that *"the policy did not provide coverage for this accident* and that [Aetna] was denying any liability to plaintiff on this accident." (Italics added.) The claims manager testified that he told plaintiff's attorney that Aetna *"had no liability since its policy did not cover this claim."* (Italics added.) Plaintiff thereafter commenced an action against "John Doe," but he could not be found and summons could not be served.

In his declaratory relief action plaintiff sought judgment: "1. Ordering defendant to appear in and defend plaintiff's suit against JOHN DOE and pay any judgment therein up to $10,000.00, or in the alternative, [¶] 2. Ordering defendant to submit plaintiff's claim to arbitration under the 'uninsured motorist' provisions of said policy."

The judgment declared that Aetna "has no obligations to plaintiff under the insurance policy defendant issued to plaintiff to either defend [the action] in this court or to arbitrate plaintiff's alleged uninsured motorist claim."

█ Plaintiff offers no authority in support of his contention that Aetna is legally obligated to appear in and defend the action on behalf of a defendant who has not been served with summons and who himself is under no obligation to appear. Such an appearance, if made, must be by an attorney. An attorney may not appear in an action without authority from the party on whose behalf he appears. Indeed, such an unauthorized appearance would be ground for disciplinary proceedings. (Bus. & Prof. Code, § 6104.) Under the circumstances, the determination of the trial court that Aetna was not required to defend, or to pay any judgment in, the "John Doe" action, was clearly correct.

█ We now consider plaintiff's second contention which relates to his right of arbitration under the "uninsured motorist" provisions of the policy.

Section 11580.2 provides in part and as applicable here: "No policy of bodily injury liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle, shall be issued . . . to the owner . . . of a motor vehicle, . . . unless the policy contains . . . a provision . . . insuring the insured . . . for all sums . . . which he or they, as the case may be, shall be legally entitled to recover as damages for bodily injury . . . from the . . . operator of an uninsured motor vehicle. . . ." The section also defines "uninsured motor vehicle," as pertinent here, as

"a motor vehicle with respect to the ownership, . . . or use of which there is [bodily injury liability insurance] . . . *but the company writing the same denies coverage thereunder.*" (Italics added.) It also states: "*The term 'uninsured motor vehicle' shall not include an automobile owned by the named insured.*" (Italics added.)

The subject policy, following closely the statutory language of section 11580.2, states that the term "uninsured automobile" means "an automobile with respect to the ownership, . . . or use of which there is, . . . a bodily injury liability . . . insurance policy applicable at the time of the accident *but the company writing the same denies coverage thereunder.*" (Italics added.)

The policy omits the statutory definition, "The term 'uninsured motor vehicle' shall not include an automobile owned by the named insured." It does, however, provide that the term " 'uninsured automobile' shall not include an insured automobile." It then defines "insured automobile" as the vehicle "described in the schedule as an insured automobile to which the bodily injury coverage of the policy applies." The automobile described in the policy's schedule is plaintiff's car which, of course, is an automobile owned by the "named insured." Since an insurer is permitted by the statute to exclude such an automobile, the language used by Aetna effectively eliminates plaintiff's automobile from its "uninsured automobile" coverage.

The permitted statutory and policy exclusion we have just discussed clearly qualifies the more general language relating to the effect of an insurer denying coverage under its policy. Accordingly, we hold that the uninsured automobile coverage of plaintiff's policy is inapplicable to his accident and injuries.

Both parties voluntarily submitted to the superior court for decision the issue as to whether "John Doe" was an "uninsured motorist" under Aetna's policy. Such an issue has been held to be arbitrable under the general arbitration provisions of an insurance policy such as Aetna's. (See *Esparza* v. *State Farm Mut. Auto. Ins. Co.,* 257 Cal.App.2d 496, 499-500 [65 Cal.Rptr. 245], and cases there cited.) However, the parties here, by submitting that particular question for the court's decision must be deemed to have waived any right to arbitrate it. (See *Local* 659, *I.A.,T.S.E,* v. *Color*

*Corp. of America,* 47 Cal.2d 189, 194-195 [302 P.2d 294].)
The judgment is affirmed.

Molinari, P. J., and Sims, J., concurred.

A petition for a rehearing was denied August 6, 1968, and
appellant's petition for a hearing by the Supreme Court was
denied September 18, 1968.