MADISON COUNTY MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee, *v.* VICKI BROWN, Administratrix of the Estate of Dennis R. Brown, Deceased, Defendant-Appellant.

(No. 69-5;

Fifth District—February 9, 1971.

Ross Arbruster, of Alton, for appellant.

Burton C. Bernard and Joseph R. Davidson, both of Granite City, for appellees.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is a declaratory judgment action brought by plaintiff insurance company to determine whether the Uninsured Motorist Coverage of the decedent's automobile insurance policy is applicable to a wrongful death claim by his administratrix against the driver of the decedent's automobile when the decedent died as a result of injuries received while riding as a passenger.

The case was submitted on a written stipulation of facts which show the following:

The plaintiff, Madison County Mutual Automobile Insurance Company, issued a policy of automobile insurance on January 14, 1965, to Dennis R. Brown and Vicki Lee Brown, his wife, which was in full force and effect on June 16, 1965. On that date the automobile covered by the policy was involved in an accident which caused the death of Dennis R. Brown who was riding as a passenger in his car, driven at the time by William Wright with the permission of decedent Brown.

Vicki Brown as administratrix filed a wrongful death action against Wright which suit was subsequently dismissed without prejudice. At the time of the accident no other bodily injury liability bond or insurance policy was applicable to cover the conduct of Wright in the operation of the automobile. "Other" means any policy other than the policy which is the subject of this action.

The only issue to be decided by the Court is whether the uninsured motorist coverage of the policy is applicable to the claim for the alleged wrongful death of Dennis R. Brown. The parties dispute the applicability of this coverage.

The parties have agreed to defer the arbitration of the claim, provided for in the policy, until such time as the Court determines the issue of coverage.

The lower court found in favor of plaintiff insurance company and defendant has brought this appeal.

The Legislature of Illinois has enacted a statutory requirement for uninsured motor vehicle coverage which provides as follows:

"On or after the effective date of this amendatory act of 1963, no policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the

ownership, maintenance or use of a motor vehicle shall be renewed or delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 7-203 of the 'Illinois Motor Vehicle Law', approved July 11, 1957, as heretofor and hereafter amended, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.

Except that the named insured shall have the right to reject such coverage only on policies delivered, renewed or issued for delivery prior to July 1, 1967."

The policy in question in the insuring agreement providing uninsured motorist coverage provides:

"The company shall pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, here-inafter called 'bodily injury', sustained by the insured, caused by accident arising out of the ownership, maintenance or use of such un-insured automobile  *   *   *"

An "insured automobile" is defined in the uninsured motorist coverage as an automobile "described in the schedule as an insured automobile to which the bodily injury liability coverage of the policy applies". The parties agree that this is the automobile in which decedent was riding and that the bodily injury liability coverage of the policy did not apply to defendant's decedent by reason of language of definition found in that coverage (Section III, subsec. (a)); the language of the coverages and the definitions, exclusions and conditions being identical to that of the policy in *Madison County Mutual Insurance Company v. Mary Good-pasture*, No. 69-125, in which we have this day filed an opinion, and therein commented on the language of the uninsured motorist coverage. But plaintiff points to the uninsured motorist coverage which provides that the term uninsured automobile shall not include "an insured auto-mobile", and chooses to disregard the language of the insuring agree-ment of the uninsured motorist coverage and the provisions of the liability coverage which render the same vehicle uninsured as to de-cedent because he and the driver were included in the definition of in-sured for liability purposes as well as to the exception to it. Pars. III and III(a).

■■ We hold that as to this particular accident the automobile was un-insured as far as defendant is concerned within the meaning of the policy

as it must be construed under the above statute. The objective of the statute is to protect persons against uninsured motorists. (*Sobina v. Busby* (1965), 62 Ill.App.2d 1, 210 N.E.2d 769, 776.) Obviously the legislative intent was that uninsured motorist coverage be auxiliary and complementary to liability coverage and not in derogation of it.

We are in accord with the reasoning set forth in *Bowsher v. State Farm Fire and Casualty Co.* (1966), 244 Or. 549, 419 P.2d 606, in which the court stated:

"As far as his [the owner-passenger] injuries are concerned, because of the exclusions of his insurance policy his automobile was not an insured automobile and the driver was not an insured operator, notwithstanding the fact that as to the rest of the world both the automobile and the driver may have been insured."

Insofar as the cases of *Barrus v. State Farm Mut. Auto. Ins. Co.* (1969), 118 Ga.App. 348, 163 S.E.3d 759 and *Lofberg v. Aetna Cas. and Sur. Co.* (Ct.App. 1968), 70 Cal. Rptr. 269, are inconsistent herewith, they are not followed. We note that in those jurisdictions the statute on uninsured motorist coverage excluded motor vehicles owned by the insured; ours does not.

For the foregoing reasons the judgment appealed from is reversed and the cause remanded for further proceedings not inconsistent herewith.

Reversed and remanded.

JONES and MORAN, JJ., concur.