*791
 
 Opinion
 

 NAIRN, J.
 
 *
 

 This is a case of first impression in the State of California.
 

 The California Casualty Indemnity Exchange (hereinafter respondent) sued for a declaration that Carol Hoskin (appellant) was not afforded liability coverage or uninsured motorist protection under her automobile insurance policy with respondent with respect to an accident occurring on March 22, 1973. The matter was submitted to the trial court on an agreed statement of facts, and thereafter the court made findings of fact and conclusions of law in favor of respondent and judgment was entered. We affirm.
 

 The agreed statement of facts is as follows:
 

 “That on March 22, 1973, defendant Kenneth Michael Hoskin, was driving a 1967 Datsun automobile which was owned by defendant, Carol Hoskin, with the consent and permission of the owner; Kenneth Hoskin is the son of Carol Hoskin and was a resident of the same household.
 

 “That defendants Carol Hoskin, Terry Hoskin and Diana Hoskin were occupants of said vehicle.
 

 “That said vehicle collided with an automobile driven by Rodney Paul Huxley, and owned by Mark Harry Hoffman, which vehicle and its driver were uninsured at the time of said accident.
 

 “That at the time of said accident that the 1967 Datsun automobile was the motor vehicle described in a policy of automobile liability insurance issued by plaintiff, California Casualty Indemnity Exchange to Carol Hoskin as named insured, a copy of which is attached hereto marked Exhibit A and by this reference made a part hereof.
 

 “On February 14, 1974 defendants Carol Hoskin, Terry Hoskin and Diana Hoskin filed an action against Rodney Huxley, Kenneth Hoskin and certain fictitiously named defendants, being action No. 162699 in the above entitled Court, alleging damages for personal injuries sustained as a result of the above accident and seeking damages therefor.”
 

 
 *792
 
 The policy of the State of California with regard to exclusion of the named insured or members of his family is clear and unequivocal.
 

 “In a line of cases extending at least back to 1966, supported by authorities from other jurisdictions extending back considerably further than that, the courts of this state had indicated that a liability insurance provision excluding the named insured or members of his family from coverage was valid and not in contravention of public policy. (See
 
 Travelers Indem. Co.
 
 v.
 
 Colonial Ins. Co.,
 
 [1966] 242 Cal.App.2d 227, 234 [51 Cal.Rptr. 724];
 
 Farmers Ins. Exch.
 
 v.
 
 Geyer
 
 (1967) 247 Cal.App.2d 625, 629-632 [55 Cal.Rptr. 861];
 
 Farmers Ins. Exch.
 
 v.
 
 Brown
 
 (1967) 252 Cal.App.2d 120, 122 [60 Cal.Rptr. 1];
 
 Hale
 
 v.
 
 State Farm Mut. Auto. Ins. Co.
 
 (1967) 256 Cal.App.2d 177, 180-181 [63 Cal.Rptr. 819];
 
 Paul Masson Co.
 
 v.
 
 Colonial Ins. Co.
 
 (1971) 14 Cal.App.3d 265, 269 [92 Cal.Rptr. 463]; cf.
 
 Farmers Ins. Exch.
 
 v.
 
 Frederick
 
 (1966) 244 Cal.App.2d 776, 781, fn. 3 [53 Cal.Rptr. 457]; see generally Annot., 46 A.L.R.Jd 1061.) In view of these authorities the Legislature in 1970 had amended section 11580.1 of the Insurance Code to expressly permit such an exclusion. (Stats. 1970, ch. 300, § 4, p. 573.)9 Moreover, it was aware that section 11580.2 of the same code precluded recovery by the owner under the uninsured motorist provisions of his policy.10 (See
 
 Hale
 
 v.
 
 State Farm Mut. Auto. Ins. Co., supra,
 
 256 Cal.App.2d 177, 181-183; see also
 
 State Farm Mut. Auto. Ins. Co.
 
 v.
 
 Jacober
 
 [1973] 10 Cal.3d 193, 205 [110 Cal.Rptr. 1, 514 P.2d 953].)”
 

 In footnotes at this point the court provides: “9 Section 11580.1, subdivision (c),. has provided since the enactment of the section in 1970 that a policy of automobile liability insurance may by appropriate policy provision be made inapplicable to: ‘. . . (5) Liability for bodily injury to an insured.’
 

 “We may judicially notice as a matter of generalized knowledge (Evid. Code, § 451, subd. (b)) that substantially all such policies presently contain exclusions of this nature—which exclusions, if stated in unambiguous terms clearly operate to preclude an owner from recovering under his own liability policy under any circumstances, including those here at issue. The case of
 
 State Farm Mut. Auto. Ins. Co.
 
 v.
 
 Jacober, supra,
 
 simply held that the particular exclusion there in question was ambiguous with respect to whether the named insured was to be excluded from recovery when a second ‘insured,’ the permissive user-driver, negligently injured him. It is to be assumed that insurance companies will be studious to avoid such ambiguity in the future by modelling their exclusions upon that which was approved in the
 
 Geyer
 
 and
 
 Brown
 
 cases, a course which we clearly invited in
 
 Jacober
 
 (see 10 Cal.3d at p. 206). In so doing they will merely avail themselves of an exclusion expressly permitted by section 11580.1 of the Insurance Code. Any suggestion in
 
 Jacober
 
 that this
 
 *793
 
 would contravene some vaguely conceived public policy (see 10 Cal.3d at pp. 205-206) must surely founder upon the explicit language used by the Legislature to authorize such exclusions. (See
 
 Farmers Ins. Exch.
 
 v.
 
 Geyer,
 
 supra, 247 Cal.App.2d 625, 629-632 [55 Cal.Rptr. 861];
 
 Travelers Indem. Co.
 
 v.
 
 Colonial Ins. Co., supra,
 
 242 Cal.App.2d 227, 234 [51 Cal.Rptr. 724]; see generally Annot.,
 
 supra,
 
 46 A.L.R.3d 1061.)
 

 “10As here relevant, Insurance Code section 11580.2, subdivision (b)(2), provides today, as it provided in 1970: ‘The term “uninsured motor vehicle” shall not include an automobile owned by the named insured or any resident of the same household. . . .’ ”
 
 (Schwalbe
 
 v.
 
 Jones
 
 (1976) 16 Cal.3d 514, 521-522 [128 Cal.Rptr. 321, 546 P.2d 1033].)
 

 As the trial court determined, the liability section of the policy does not provide coverage for appellant’s claims against Kenneth. Part I provides that respondent will “pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: [1] A. bodily injury . . . sustained by any person.”
 

 “Persons Insured: The following are insureds under Part I:
 

 “(a) with respect to the owned automobile,
 

 “(1) the named insured and any resident of the same household,
 

 “(2) any other person using such automobile with the permission of the named insured . . . .”
 

 Kenneth Hoskin was a member of appellant’s household and was driving her car with her permission. Therefore, Kenneth Hoskin was an insured under respondent’s policy.
 

 “Exclusions: This policy does not apply under Part I: “(k) to bodily injury to the named insured or spouse.”
 

 Appellant is also a named insured. It follows that part I of the policy expressly excludes from coverage any claim appellant asserts against Kenneth as an insured. The judgment is in accord with
 
 Meritplan Ins. Co.
 
 v.
 
 Woollum
 
 (1975) 52 Cal.App.3d 167 [123 Cal.Rptr. 613] and
 
 California State Auto. Assn. Inter-Ins. Bureau
 
 v.
 
 Warwick
 
 (1976) 17 Cal.3d 190 [130 Cal.Rptr. 520, 550 P.2d 1056].
 

 
 *794
 
 Under the uninsured motorists section of the policy (part IV) and Insurance Code section 11580.2, a similar result is reached. Section 11580.2 becomes a part of every insurance policy as if it were written into its provisions.
 
 (Page
 
 v.
 
 Insurance Co. of North America
 
 (1967) 256 Cal.App.2d 374, 376 [64 Cal.Rptr. 89].) Under part IV, the respondent contracted to pay any claims appellant might have against the operator of an “uninsured vehicle.”
 

 “[T]he term ‘uninsured motor vehicle’ shall not include: . . . (i) an insured automobile,. .
 

 Subsection (b) provides that “insured automobile” means an automobile: “(1) described in the declarations as an insured automobile to which the bodily injury liability coverage of the policy applies;”
 

 The Datsun car in which appellant was injured was expressly described in the policy as being covered under its provisions. Therefore, the Datsun was not an “uninsured” automobile. Under part IV, respondent was only obligated “[t]o pay all sums which the insured [appellant] . . . shall be legally entitled to recover as damages from the . . . operator of an uninsured highway vehicle.” Appellant is therefore not covered under part IV for the injuries she sustained.
 

 A similar result is reached in applying Insurance Code section 11580.2. Subdivision (a) of this section provides that: “No [automobile insurance] policy . . . shall be issued ... in this state . . . unless the policy contains ... a provision with coverage ... for all sums . . . [the insured] shall be legally entitled to recover as damages for bodily injury . . . from the owner or operator of an uninsured motor vehicle.”
 

 Subdivision (b)(2) provides that: “The term ‘uninsured motor vehicle’ shall not include an automobile owned by the named insured . . . .”
 

 The Datsun in which appellant was riding was owned by the named insured—appellant. The Datsun was therefore not an “uninsured motor vehicle” under the definitions of section 11580.2.
 

 Furthermore, the Datsun in which appellant was injured is expressly defined by this section as an “insured motor vehicle” for the purposes of “uninsured motorists coverage.” Subdivision (b) provides that: “[T]he term ‘insured motor vehicle’ means the motor vehicle described in the . . . policy ... if the motor vehicle is used by the named insured or with his permission or consent.”
 

 
 *795
 
 The Datsun was described in the policy issued to appellant and was used with her permission. The Datsun, by definition, was an “insured” motor vehicle and cannot, therefore, be an “uninsured” motor vehicle under section 11580.2.
 

 Therefore, under the express terms of section 11580.2 and the policy, respondent is not obligated to compensate appellant under the uninsured motorist provisions of the policy.
 

 The case of
 
 Lofberg
 
 v.
 
 Aetna Cas. & Sur. Co.
 
 (1968) 264 Cal.App.2d 306, 308-309 [70 Cal.Rptr. 269], compels the same result. The court held that the uninsured automobile coverage of an automobile liability policy was inapplicable to the named insured’s injury sustained while a passenger in his own automobile. The car was being driven by another person with the named insured’s consent, which made that person an insured under the policy. After discussing provisions of the policy and section 11580.2 which were substantially identical to the ones discussed above, the court concluded that “[s]ince an insurer is permitted by the statute to exclude such an automobile [of the insured under the uninsured motorists provisions], the language used by Aetna effectively eliminates plaintiff’s automobile from its ‘uninsured automobile’ coverage. . . . [1Í] Accordingly, we hold that the uninsured automobile coverage of plaintiff’s policy is inapplicable to his accident and injuries.”
 
 (Id.,
 
 at p. 309.)
 

 Appellant attempts to distinguish the
 
 Lofberg
 
 case on the basis of a subsequent amendment to section 11580.2 which added the following exclusion:
 

 “(c) The insurance coverage provided for in this section does not apply:
 

 “(6) To bodily injury of the insured while occupying a motor vehicle owned by an insured, unless the occupied vehicle is an insured motor vehicle.”
 

 Substantially similar language was included in appellant’s policy.
 
 [1]
 
 The policy in the
 
 Lofberg
 
 case did not contain such an exclusion.
 

 
 *796
 
 However, appellant does not explain how these exclusions modify the language defining the coverage of the policy. Appellant appears to argue that these exclusions somehow bootstrap themselves into affording coverage for bodily injury to an insured received while occupying an insured automobile. This argument is patently false. The intent of section 11580.2 and the policy is to provide coverage for injuries received only from “uninsured” motor vehicles. The phrase in the exclusion—“other than an insured vehicle”—on its face clearly applies to, modifies and limits only the language of the exclusion. The phrase cannot be construed to relate back to redefine the extent of the coverage of the policy without leading to absurd results.
 

 Support for this limited interpretation of the exclusions can be found in
 
 Interinsurance Exchange
 
 v.
 
 Velji
 
 (1975) 44 Cal.App.3d 310, 315 [118 Cal.Rptr. 596]: “The purpose of the exclusion has also been discussed as follows: ‘This exemption prevents the coverage of one policy from extending to accidents involving other owned but uninsured vehicles, and reflects the theory that each motor vehicle should cariy its own liability insurance and uninsured motorist coverage.’ ”
 
 (Id.)
 

 The exclusions were therefore intended to apply only to a specific fact pattern and not to redefine the scope of coverage. Appellant concedes that that unique fact pattern is not presented by the facts of this case. The exclusion is therefore inapplicable to appellant’s accident. The inapplicability of the exclusion does not, as appellant would argue, result in a conclusion that appellant is covered by the policy in the first place. The definition of uninsured motorists coverage is stated in section 11580.2, subdivision (a)(2), as follows: “ ‘Uninsured motorists coverage insures the insured, his heirs, or legal representatives for all sums . . . which such person or persons are legally entitled to recover as damages for bodily injury ... to him from the owner or operator of an uninsured motor vehicle
 
 not owned or operated by the insured'
 
 ” (Italics added.)
 

 The clear intent of this definition is that section 11580.2 does not apply to injuries received from someone who was operating the insured’s own automobile.
 

 It would appear that the exclusions are not susceptible to the interpretation argued by appellant. It would also follow, in the absence of any authority to the contrary, that the
 
 Lofberg
 
 case is still good law and is determinative of the merits of this case.
 

 
 *797
 
 Appellant further argues that the terms of the policy and section 11580.2 are conflicting as to whether appellant comes within the coverage of part IV. For the purposes of this argument, appellant concedes that the provisions of the policy and section 11580.2 cited above established that the Datsun was not “uninsured.” Appellant contends that the other provisions make the Datsun “uninsured.” Appellant argues that this later conclusion follows from the language of the exclusions embodied in section 11580.2, subdivision (c)(6), and exclusion (a) of part IV (both quoted
 
 ante).
 
 However, as discussed above, such an interpretation appears to be unjustified.
 

 Appellant also cites the following language of the policy and section 11580.2. Part IV provides that an “uninsured motor vehicle” is one “with respect to the . . . use of which there is ... no bodily injury liability bond or insurance policy applicable at the time of the accident . . . .” Insurance Code section 11580.2, subdivision (b), similarly provides that “[t]he term ‘uninsured motor vehicle’ means a motor vehicle with respect to the ownership, maintenance or use of which there is no bodily injury liability insurance or bond applicable at the time of the accident . . . .” Appellant would have this court construe this language as meaning that there is coverage whenever “there is no . . . insurance . . . applicable at the time of the accident”
 
 to the specific claim created by the accident.
 
 Since the bodily injury liability provisions (part I of the policy) expressly excluded appellant because she was the named insured, appellant would have this court conclude that Kenneth and the Datsun are “uninsured” despite the fact that they were insured under the policy. It is true that other jurisdictions have held that regardless of the technical definitions of “insured” and “uninsured” the intent of the Legislature was that if there was in fact no insurance applicable to the specific injury received, the uninsured motorists coverage applied.
 
 [2]
 

 The express terms of the statute and policy provide for coverage only where there is no insurance coverage at all. That is, there is no coverage where a car is insured under the general terms of a policy. To construe section 11580.2 and appellant’s policy to apply whenever a general policy is inapplicable to the specific claim created by an accident would appear to be reading something into the statute and policy which would not otherwise be there. “ ‘[T]here can be no doubt of the right of the insurance companies to limit, in accordance with section 11580.2, the coverage of their policies, and when they have done so the plain language of the limitations must be respected. [Citation.] And when the terms of an
 
 *798
 
 insurance policy are plain and explicit, the court will indulge in no forced construction so as to cast unassumed liability on an insurance company ....’”
 
 (Interinsurance Exchange
 
 v.
 
 Velji, supra,
 
 44 Cal.App.3d 310, 314-315 [118 Cal.Rptr. 596].)
 

 Finally, we note that as the trial judge stated in his notice of intended decision: “It is further noted that the Uninsured Motorist Statute, Insurance Code Section 11580.2, ‘was designed to minimize losses to the people of California who are involved in accidents with uninsured or financially irresponsible motorists . . .’
 
 (Mission Ins. Co.
 
 v.
 
 Brown,
 
 (1965) 63 Cal.2d 508, 510 [47 Cal.Rptr. 363, 407 P.2d 275]). This purpose is fulfilled by the Uninsured Motorists coverage of the subject policy regarding [appellant’s] claims with respect to the uninsured Hoffman automobile and its driver.”
 

 The judgment is affirmed.
 

 Brown (G. A.), P. J., and Franson, J., concurred.
 

 *
 

 Assigned by the Chairperson of the Judicial Council.
 

 [1]
 

 The policy provides:
 

 “EXCLUSIONS: This policy does not apply under Part IV:
 

 “(a) to bodily injury to an insured while occupying a highway vehicle (other than an insured automobile) owned by the named insured. . . .”
 

 [2]
 

 Eight states permit coverage and nine deny coverage in this situation. (Annot. (1969) 26 A.L.R.3d 883.)