[No. B009342. Second Dist., Div. One. Oct. 25, 1985.]

PUBLIC EMPLOYEES INSURANCE COMPANY,
Plaintiff and Appellant, v.
TRACY L. MITCHELL et al., Defendants and Respondents.

**COUNSEL**

Brown, Reed & Gibson, Paul H. Marston, Bruce T. Mc Intosh and James L. Gibson for Plaintiff and Appellant.

Wankovsky & Rosenberg and Howard R. Daniels Stock for Defendants and Respondents.

**OPINION**

**BAFFA, J.***—This appeal is taken by Public Employees Insurance Company, appellant, from a judgment in favor of Tracy L. Mitchell and Michael Mitchell, respondents.

The underlying action for declaratory relief brought by Public Employees Insurance Company, appellant, against its named insured, Tracy L. Mitch-

*Assigned by the Chairperson of the Judicial Council.

ell, and his minor son, Michael Mitchell. The trial court was requested to decide whether or not the comprehensive automobile liability insurance policy issued to Tracy L. Mitchell, respondent, applies to and affords uninsured motorist coverage to the accident in which Michael Mitchell, respondent, was involved.

On September 28, 1984, the trial of this matter was held in Department 16 of the Los Angeles Superior Court, Honorable Philip Saeta presiding. On October 25, 1984, the trial court filed its judgment in favor of respondents, from which judgment appellant timely appealed. Appellant contends in this appeal that the trial court erred, as a matter of law, in wrongfully categorizing the dirt bike which was involved in the accident, and therefore erred in not excluding it from uninsured motorist coverage under the policy.

The following facts were agreed upon at the trial level. On or about March 10, 1981, Michael Mitchell, the son of respondent, Tracy Mitchell, was a minor of the age of 15, and a resident in his home all that time. At that time he had no valid California driver's license.

Prior to March 10, 1981, appellant had issued to respondent, Tracy Mitchell, the subject insurance policy.

On or about March 10, 1981, the respondent minor, Michael Mitchell, allegedly sustained damages and injuries when he was struck while riding a "dirt bike" on a public highway. The dirt bike respondent Michael Mitchell was riding at the time of the occurrence was specifically designed for off-road use, and was not equipped with headlights, brakelights, turn signal or mirrors, and it was specifically equipped and licensed as a "dirt bike," though it was propelled by a motor.

At that time, respondent minor, Michael Mitchell, was unlawfully operating the dirt bike in the vicinity of 20th Street and Highland Avenue, in the City of Los Angeles, California, when he was involved in an accident with a car allegedly being driven by an uninsured motorist.

On October 12, 1983, more than two years later, respondent Michael Mitchell, presented to appellant, Public Employees Insurance Company, a demand for arbitration of uninsured motorist coverage benefits allegedly due under the policy.

Appellant responded by filing its declaratory relief action, requesting the trial court to decide whether or not the policy, issued to respondent Tracy L. Mitchell, applied to or afforded uninsured motorist coverage for the accident in which respondent Michael Mitchell was involved.

The trial court granted judgment in favor of respondents and made the following declarations: "The insurance policy issued by the plaintiff provided uninsured motorists coverage to defendant Michael Mitchell as a 'family member' arising from his involvement in an accident with an uninsured motorist while defendant was riding his dirt bike. [¶] There existed an exclusionary clause within the policy that precluded coverage for bodily injury sustained by any person while occupying any motor vehicle owned by any family member which was not insured for this coverage under the policy. The dirt bike was not insured under the policy. [¶] The exclusion did not apply herein. California Insurance Code Section 11580.06(a) defined 'motor vehicle' as any vehicle designed for use principally upon streets and highways and subject to motor vehicle registration under the laws of the State of California. [¶] The dirt bike was identified by both parties to be an 'off the road type' vehicle, it was neither equipped nor designed for use principally upon streets and highways. By definition, the dirt bike was not a motor vehicle and therefore not excluded from uninsured motorists coverage under policy. [¶] [T]he insurance policy provides uninsured motorists coverage for defendant Michael Mitchell, for the traffic accident of March 10, 1981. And there did not exist an exclusionary clause within the policy to remove defendant from such coverage."

■ We disagree with the learned trial judge. ■ There is no doubt that an insurance company can limit the coverage of a policy issued by it as long as such limitation conforms to the law and is not contrary to public policy; when it has done so the plain language of the limitation must be respected. (*Lumberman's Mut. Cas. Co.* v. *Wyman* (1976) 64 Cal.App.3d 252, 258 [134 Cal.Rptr. 318]; *Hendricks* v. *Meritplan Ins. Co.* (1962) 205 Cal.App.2d 133 [22 Cal.Rptr. 682].)

■ The exclusion relied upon by appellants is exclusion No. 1A of appellant's policy, which states: "A. We do not provide uninsured motorist coverage for bodily injuries sustained by any person: [¶] 1. While occupying, or when struck by, any motor vehicle or trailer of any type owned by you or any family member which is not insured for this coverage under this policy."

This language is substantially similar to the language of California Insurance Code section 11580.2, subdivision (c)(6), which states; "(c) The insurance coverage provided for in this section does not apply either as primary or as excess coverage to: [¶] (6) To bodily injury of the insured while occupying a motor vehicle owned by an insured, unless the occupied vehicle is an insured motor vehicle."

In comparing these two exclusions, it is clear that the language and intent of the exclusion in appellant's insurance policy is substantially identical to

the language and intent of the exclusion found in section 11580.2, subdivision (c)(6). As both exclusions use substantially similar language to describe the operative event which triggers the exclusion, namely, "occupying a . . . motor vehicle" which is not an "insured" motor vehicle.

We are next met with the very challenging question of whether or not a "dirt bike" is a "motor vehicle," and we find that it is as contemplated by the language of the exclusion in appellant's policy.

*Safeco Ins. Co.* v. *Vieth* (1973) 33 Cal.App.3d 956 [109 Cal.Rptr. 493], held that the exclusion of liability to the insured while occupying an "automobile" owned by him did not exclude liability for injuries he sustained while he occupied a motorcycle he owned. The court noted that Insurance Code section 11580.2, subdivision (c)(6), leaves an insurer free to exclude coverage for injury to the insured while he occupies any motor vehicle owned by him and not covered by the policy, but that the statute nowhere seeks to modify dictionary definitions of the terms "automobile" and "motorcycle."

Appellant specifically provided the term "motor vehicle" in their insurance policy, which would include motorcycle. Dirt bikes, of necessity, are included within the term motorcycle, even though some equipment may be lacking, they are nonetheless able to be driven upon streets and highways, even if unlawful to do so, and the responsibility of complying with the law we leave to the individual owners of dirt bikes.

The only real issue in this case is whether or not the exclusionary language contained in Insurance Code section 11580.2, subdivision (c)(6), and exclusion 1A of appellant's policy, is sufficient to exclude that vehicle from coverage. We hold that it does. The exclusion prevents the coverage of one policy from extending to accidents involving other owned but uninsured vehicles, and reflects the theory that each motor vehicle should carry its own liability insurance and uninsured motorist coverage.

In *Interinsurance Exchange* v. *Velji* (1975) 44 Cal.App.3d 310, 315 [118 Cal.Rptr. 596] the court states: "This exclusionary clause of section 11580.2 was enacted in 1968. In the language of one commentator its effect was to: '. . . change a condition which insurance companies abhor: the situation where a person who does not carry insurance could take a "free ride" on someone else's policy. No longer will relatives in the household of a named insured be able to use his uninsured motorist coverage to cover cars owned by them which are NOT insured.' (Eisler, Cal. Uninsured Motorist Law Handbook (2d ed. 1974) p. 150.)"

In the *Interinsurance Exchange* v. *Velji* case, *supra,* the Interinsurance Exchange of the Automobile Club of Southern California sued for a declaration that Gerry Velji was not afforded uninsured motorist protection under her automobile insurance policy with respect to an accident occurring on August 8, 1970. The trial court found in favor of the automobile club and the finding was affirmed on appeal.

The facts of the case indicated that the insurance policy was issued, as a renewal, to the appellant for a one-year period commencing on May 26, 1970. Two months earlier, on March 21, 1970, appellant had married one Ramnik B. Velji. He owned a 1965 Rambler. From the date of the marriage until and including the date of the accident, August 8, 1970, the Rambler was not covered by any applicable automobile liability-insurance.

Like the present case, the policy in question contained an exclusion for bodily injury for the insured while occupying a motor vehicle owned by an insured motorist unless the occupied vehicle was an insured motor vehicle, in substantially the same language as that contained in Insurance Code section 11580.2, subdivision (c)(6).

On August 8, 1970, while her husband was driving, the 1965 Rambler was in an accident, due to the alleged negligence of an uninsured motorist. The appellant was a passenger in the Rambler at the time. It was this accident which the trial court determined was excluded from the uninsured motorist coverage of the policy.

The primary argument of the insured on appeal was that the exclusionary language was ambiguous, and was to be strictly construed against the insurance company, under familiar principles of insurance contract law.

The appellate court indicated the principles of insurance law relied upon by the appellant was sound, but did not apply to this case. The court noted that the policy exclusion was taken verbatim, with an immaterial exception, from the language of Insurance Code section 11580.2, subdivision (c)(6) and stated: "If it is ambiguous, and we do not hold that such is the case, the blame could not be charged to the respondent. . . . [¶] It is true that appellant had purchased insurance for her own car. Her husband had none for his vehicle, however. To allow appellant to recover would give less of a 'free ride' than if the husband sought to recover under his wife's policy, which was essentially the situation in *Lopez* v. *State Farm Fire and Cas. Co.* (1967) 250 Cal.App.2d 210 [58 Cal.Rptr. 243], a case credited by Eisler, *supra,* with prompting the 1968 exclusion. [¶] Nevertheless, in enacting the exclusion the Legislature used language which clearly excludes one in appellant's position as well as any other member of her family. We

may not rewrite the statute to bring about a contrary result even if that result could be argued to be socially desirable. That is for the Legislature." (*Interinsurance Exchange, supra,* 44 Cal.App.3d at pp. 315-316.)

The language of limited coverage and the language of the exclusion contained in appellant's policy are clear and unambiguous on the face of the policy. In short, coverage is provided only to a covered person who is occupying a motor vehicle that is insured for uninsured motorist coverage under the policy. The dirt bike in question falls within the definition of motor vehicles for which coverage was not provided. Because the dirt bike in question was not insured for uninsured motorist coverage under the policy, there is no uninsured motorist coverage available in this case.

The judgment of the trial court is reversed and judgment for appellant for the declaratory relief prayer is to be granted.

Spencer, P. J., and Hanson (Thaxton), J., concurred.

The petition of respondent Mitchell for review by the Supreme Court was denied January 15, 1986.